IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DR. CHRISTINE LENTZ and LYNN PETROZZA, | : : : | |
| Plaintiffs, | : : | Civil No. 17-4515 |
| v. | : | **OPINION** |
| DR. KATHLEEN TAYLOR, et al., | : : | |
| Defendants. | : : | |

**KUGLER**, United States District Judge:

Presently before the Court is Defendants' Motion for Sanctions (Doc. No. 65). For the reasons set forth below, Defendants' Motion is **DENIED**.

Background information for this matter is set out in our prior opinion (Doc. No. 74). There, we dismissed the complaint for failure to state a claim. Still pending is Defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure Rule 11. Defendants contend that Rule 11 sanctions are warranted here because Plaintiffs' claims were false and frivolous. They seek reimbursement for attorneys' fees.

Rule 11 "is intended to discourage pleadings that are frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." *Napier v. Thirty or More Unidentified Fed. Agents,* 855 F.2d 1080, 1090-91 (3d Cir. 1988). Sanctions under Rule 11 "are based on an objective standard of reasonableness under the circumstances." *Martin v. Brown,* 63 F.3d 1252, 1254 (3d Cir. 1995). A plaintiff filing a complaint certifies that the complaint "is not being presented for any improper purpose, such as to harass . . . or to needlessly increase the cost of litigation," that the claims "are warranted by existing law" or an objectively

reasonable argument for a change in existing law, and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Rule 11 "must not be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir.1987).

Defendants and Plaintiff filed papers that go back and forth on myriad factual disputes about when individuals learned of certain plans, when certain plans became concrete, whether Plaintiff was forced to resign, whether Plaintiff was the target of the theft investigation, whether Defendants made incorrect representations to law enforcement, and whether Defendants discriminated against Plaintiff.

Defendants repeatedly invoke evidence from the related state criminal trial that supports their positions. But the state criminal trial was a separate proceeding with different claims and a different standard of proof. Plaintiffs have not violated Rule 11(b). The filings between Plaintiffs and Defendants do not strike the Court as anything more than the familiar back and forth about factual disputes attendant to most adversarial proceedings. The Court does not believe that Plaintiff's arguments rise to the level of "unmeritorious" that would justify sanctions. Accordingly, the Court **DENIES** Defendants' request for Rule 11 sanctions. An order follows.

Dated: 2/24/2022　　　　　　　　　　　　　　　　　/s/ Robert B. Kugler　　
　　　　　　　　　　　　　　　　　　　　　　　　　ROBERT B. KUGLER
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge